No. 932

PENNA RD. CO. v. PUB. UTIL. COM.

No. 20028. Supreme Court

On motion to certify. Dock. July 30, 1926; 4 Abs. 525.

**973. PUBLIC UTILITIES—Can commission grant an application for change in schedule, tariff, etc. without hearing because no objection was filed thereto?**

The question herein involved is a petition in error filed to order of Public Utilities Commission allowing amendment of time schedule and tariffs subject to a motion to grant without hearing, the commission ruling that hearing was not necessary since no objection was filed to granting of applicatino for a certificate.

Attorneys—Henderson & Burr, and S. B. Randall for Company; C. C. Crabbe, Atty. Gen. and J. W. Bricker for Commission; all of Columbus.

No. 933

KERR v. HAYES

No. 20042. Supreme Court

On motion to certify. Dock. Aug. 4, 1926; 4 Abs. 541.

**480. EVIDENCE—Is the assignor in an action by an assignee against the administrator on a note, incompetent as a witness under 11494 GC. and the assignee under 11495 GC.?**

The question herein involved concerns an action by assignee of a promissory note against an administrator of the maker thereof. It is contended that the original payee or assignor of a note is not a competent witness to prove the obligation and signature of the maker, by virtue of 11494 GC. and Kerr is likewise incompetent under 11495 GC.

Attorneys—F. B. Fowler, Wauseon for Kerr; A. L. Gebhard, Bryan, for Hayes.

No. 934

KNIGHT v. HALL

No. 20032. Supreme Court

On motion to certify. Dock. July 31, 1926; 4 Abs. 525.

**355. DAMAGES—Is the measure of, different when driver of auto runs into private drive and injures pedestrian when said driver is attempting to avoid another accident?**

The questions herein involved are whether an automobile driver is liable in damages resulting from striking pedestrian while driving into his private drive across sidewalk.

Whether it makes a difference in recovery if pedestrian was struck while on sidewalk after driver had run up onto pedestrian's premises in an attempt to avoid another accident.

Attorneys—L. J. Myers for Knight; C. R. Grant for Hall; all of Akron.

No. 935

LYTLE v. UNION GAS CO.

No. 20048. Supreme Court

On motion to certify. Dock. Aug. 6, 1926; 4 Abs. 541.

**751. MASTER & SERVANT—Is employer responsible for negligent acts of employee, when he furnishes car to employee to use in furtherance of his (employe's) business and employee is on pleasure of his own although said employee is subjected to call to duty both day and night?**

Lytle contends in the Supreme Court that an employer who furnishes his employee with car, is liable for negligent operation of same, even when on pleasure of his own, because he was subject to call on duty both day and night.

Attorneys—DeDamp, Sutphin & Brumleve for Lytle; Harmon, Colston, Goldsmith & Hoadly, for Gas. Co.; all of Cleveland.

No. 936

LIBBEY GLASS CO. v. GRONAN

No. 20046. Supreme Court

On motion to certify. Dock. Aug. 5, 1926; 4 Abs. 541.

**829. NEGLIGENCE—Can an employee of an independent contractor when injured, collect from state insurance fund and also maintain action against owner of building upon ground that the owner knew of the defect causing the injury and failed to warn him?**

The Glass Company contends in the Supreme Court, that an employee of an independent contractor injured while repairing roof, and who recovers from state insurance fund, has no right of action against it, on the ground that it knew of the defect and failed to give proper warning of same.

Attorneys—Marshall, Melhorn, Marlar & Martin for Glass Co.; C. A. Irwin for Gronan; all of Toledo.

No. 937

SCHICK v. CINCINNATI (City)

Imbus v. Same and Hull v. Same

Nos. 20022-23-24. Supreme Court

On motion to certify. Dock. July 29, 1926; 4 Abs. 525.

**291. CONSTITUTIONAL LAW—Are ordinances and resolutions of the City of Cincinnati in relation to referendum unconstitutional under 4227-2-3 GC?**

The question herein involved is a constitutional one relating to the interpretation of 4227-2-3 GC. relative to ordinances and resolutions that are subject to referendum.

Attorneys—W. J. Schick for plaintiffs herein; E. F. Alexander and C. S. Bell for City; all of Cincinnati.